**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| MFT CKF USA INCORPORATED,<br><br>*Plaintiff,*<br><br>v.<br><br>STEVE M. MCLAUGHLIN,<br><br>*Defendant,* | CASE NO. 3:24-CV-49<br><br><br><br>**PLAINTIFF'S AMENDED COMPLAINT** |

Plaintiff, MFT CKF USA Incorporated, by its attorneys, Lane & Waterman LLP, and hereby states as follows for its Amended Complaint against Steven M. McLaughlin:

### PARTIES AND JURISDICTION

1. Plaintiff, MFT CKF USA Incorporated ("MFT CKF"), is a Delaware Company with its corporate headquarters in Clinton, Iowa.

2. Defendant Steven McLaughlin ("McLaughlin") is, upon information and belief, a resident of the State of Maine, signed a contract in the State of Iowa, and conducted business at all times relevant to this Petition in the State of Iowa.

3. The amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue exists in this Court because the contract at issue was signed in Clinton County, Iowa.

### FACTUAL ALLEGATIONS

5. The law of the State of Delaware applies to this action pursuant to written contracts which are described below and are attached as exhibits.

6. MFT CKF is a manufacturing company that produces packaging for other businesses.

7. MFT CKF maintains its corporate headquarters in Clinton, Iowa.

8. MFT CKF employed McLaughlin as Director of Sales and Marketing.

9. MFT CKF's business depends on ensuring that certain trade secrets, inventions, and business relationships remain confidential.

10. MFT CKF invests heavily in the development of its Confidential Information, as defined in the Agreements.

11. MFT CKF relies heavily on proprietary products it creates to compete with other businesses.

12. In 2022, MFT CKF was acquired, and a new entity was created.

13. Subsequent to that acquisition, MFT CKF and McLaughlin entered into two agreements: "Offer of Continued Employment," dated May 19, 2022 (attached as Exhibit A), and "Confidentiality, Non-Solicitation, and Inventions Agreement," dated June 14, 2022 (attached as Exhibit B), and together called "the Agreements."

14. The Agreements prohibit McLaughlin from soliciting clients or customers of MFT CKF for a period of 12 months after the end of his employment.

15. The Agreements also require McLaughlin to maintain the confidentiality of "Confidential Information" as described in Exhibit B.

16. On or about January 5, 2024, McLaughlin's employment with MFT CKF ended.

17. On or about March 25, 2024, MFT CKF, through counsel, reminded McLaughlin of the terms of the Agreements.

18. McLaughlin is now employed by UN1F1ED Global Packaging Group ("UN1F1ED"), a direct competitor of MFT CKF.

19. UN1F1ED works in the same fields of business as MFT CKF.

20. UN1F1ED is MFT CKF's largest competitor.

21. Former employees have the greatest knowledge of MFT CKF's confidential information the year after the employees' employment ends.

22. Former employees have the greatest ability to solicit customers or clients the year after the employee's employment ends.

23. In his employment with UN1F1ED, McLaughlin solicited, attempted to obtain, or accepted business and sales from customers of MFT CKF by directly contacting customers.

24. McLaughlin contacted customers to induce or attempt to induce customers to shift their business from MFT CKF to UN1F1ED.

25. McLaughlin has contacted multiple customers or clients in the last several months.

26. The longer McLaughlin has been employed at UN1F1ED, the more clients or customers McLaughlin has been able to contact.

27. McLaughlin will continue to contact clients or customers.

28. One of MFT CKF's largest clients moved to work with McLaughlin's new employer shortly after McLaughlin's termination.

29. UN1F1ED had been seeking the same client that MFT CKF lost for five years with no progress until McLaughlin contacted them as a UN1F1ED employee.

30. Upon information, and belief, McLaughlin has caused at least three additional customers to leave MFT CKF for UN1F1ED since his employment with MFT CKF ended and his employment with UN1F1ED began.

31. McLaughlin did not have a significant relationship with any clients that he contacted or solicited since leaving MFT CKF outside of his employment with MFT CKF.

32. McLaughlin did not have a significant relationship with any clients that he contacted or solicited since leaving MFT CKF.

33. McLaughlin directly or indirectly induced or assisted his employer in inducing or attempting to induce a person who was MFT CKF's client or customer.

34. McLaughlin had contact during his employment for business purposes with the client or customers that McLaughlin contacted during his employment with UN1F1ED within the last 12 months of McLaughlin's employment with MFT CKF.

35. MFT CKF had a legitimate business relationship with any clients that McLaughlin solicited, or attempted to solicit, which MFT CKF is entitled to protect.

36. In his employment with UN1F1ED, McLaughlin used MFT CKF's Confidential Information.

37. McLaughlin used information about MFT CKF's products, designs, specifications, systems, processes, customer and client information, as well as other Confidential Information as described in the Agreements.

38. McLaughlin used the Confidential Information to facilitate his or his employer's contact with MFT CKF's clients or customers.

39. McLaughlin used Confidential Information to contact MFT CKF's clients or customers.

40. McLaughlin used Confidential Information outside of an employment relationship with MFT CKF.

41. McLaughlin did not have the express, prior written consent of an authorized representative of MFT CKF before he breached the Agreements.

42. McLaughlin's actions violate the terms of the Agreements he signed.

43. McLaughlin's actions are not subject to any exception under the contract that would justify his actions.

44. MFT CKF has not previously requested an injunction for the claims asserted in this action.

## COUNT I- BREACH OF CONTRACT

45. MFT CKF incorporates paragraphs 1 through 44 as if fully stated herein.

46. McLaughlin's solicitation of MFT CKF's customers and clients and use of Confidential Information breaches the Agreements.

47. McLaughlin breached Section 3 of the Confidentiality, Non-Solicitation, and Inventions Agreement.

48. McLaughlin breached Section 5 of the Confidentiality, Non-Solicitation, and Inventions Agreement.

49. McLaughlin breached Section 7 of the Confidentiality, Non-Solicitation, and Inventions Agreement.

50. McLaughlin breached Section 8 of the Confidentiality, Non-Solicitation, and Inventions Agreement.

51. MFT CKF has fully performed its obligations under the Agreements.

52. McLaughlin's breaches caused and continue to cause damage to MFT CKF.

53. McLaughlin's breach caused MFT CKF to lose clients.

54. MFT CKF has lost business and business relationships as a result of McLaughlin's breach.

55. MFT CKF has lost profits as a result of McLaughlin's breach.

56. McLaughlin's breach has required MFT CKF to expend time and resources to maintain client relationships that it would not otherwise have spent.

57. MFT CKF has been forced to reduce prices to maintain some business relationships.

58. MFT CKF has suffered the harm of McLaughlin's breach continuously since he breached with no indication of reprieve.

## COUNT II- REQUEST FOR INJUNCTIVE RELIEF

59. MFT CKF incorporates paragraphs 1 through 58 as if fully stated herein.

60. It is likely that McLaughlin will continue violating the Agreements in the future.

61. McLaughlin continued breaching the Agreements after being ordered by MFT CKF to cease the offending behavior.

62. The balance of the harms in this case is substantially in favor of MFT CKF.

63. Public policy favors the enforcement of a non-solicitation and confidentiality agreement where the employer has invested substantial resources in creating a proprietary product.

64. Public policy favors the certainty of enforcing contracts to protect and solidify business and contractual relationships.

65. Public Policy favors enforcing restrictions that encourage competition by preventing the unfair appropriation of Confidential Information.

66. McLaughlin would not be substantially harmed if an injunction was ordered.

67. An injunction would not affect McLaughlin's right to work.

68. McLaughlin will continue work in the event of an injunction without significant change.

69. Any harm McLaughlin experiences from an injunction would be eliminated once the twelve-month period after his termination ends.

70. The lack of an injunction would substantially impair MFT CKF's contractual rights.

71. The lack of an injunction would impair MFT CKF's ability to protect its confidential information from McLaughlin or others.

72. MFT CKF would be substantially harmed if no injunction was ordered by McLaughlin's past and future use of confidential information and solicitation of MFT CKF's clients and customers.

73. Without an injunction, MFT CKF would be forced to shrink its business and employee base to accommodate the loss of its largest customers or clients.

74. MFT CKF's ability to protect its confidential information in the future would be permanently impaired without an injunction.

75. MFT CKF has suffered irreparable harm.

76. MFT CKF's business relationships have been permanently changed as a result of McLaughlin's breach.

77. MFT CKF will be unable to regain the relationships of former clients.

78. MFT CKF's ability to develop new client relationships is inhibited by McLaughlin's use of confidential information.

79. MFT CKF has lost the goodwill of some of its clients and customers.

80. MFT CKF's reputation has been harmed by McLaughlin's breaches, thereby encouraging other employees of MFT CKF to breach contracts with it.

81. Money damages are inadequate to compensate MFT CKF.

82. McLaughlin's continued contact with clients or customers will continue to harm MFT CKF's relationships with its clients or customers.

83. Money damages cannot replace customer or client relationships of MFT CKF that no longer exist.

84. Money damages cannot compensate MFT CKF for loss of goodwill, reputational harm, or loss of business opportunities from long-term relationships.

85. Bond should be waived in accordance with the Agreements.

WHEREFORE, MFT CKF USA Incorporated respectfully requests: (1) Steven McLaughlin be enjoined from soliciting MFT CKF customers and clients; (2) Steven McLaughlin be enjoined from using Confidential Information; and (3) all appropriate damages and that judgment be entered in favor of MFT CKF.


Dated: August 26, 2024                LANE & WATERMAN LLP

By: */s/ Ian J. Russell*
　　 Ian J. Russell, AT0006813

220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: 563-324-3246
Facsimile: 563-324-1616
Email: IRussell@L-WLaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true copy of the foregoing was served upon the following parties through the Court's CM/ECF electronic filing system on August 26, 2024:

      David W. Creasey (Email: david.creasey@faegredrinker.com)
      Susan P. Elgin (Email: susan.elgin@faegredrinker.com)


      By: */s/ Ian J. Russell*